IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GEORGE NEAL WILLIAMS,          §
TDCJ NO. 1002786,              §
                              §
          Petitioner,          §
                              §
v.                             §          CIVIL ACTION NO. H-04-4856
                              §
DOUGLAS DRETKE,                §
                              §
          Respondent.          §

**MEMORANDUM OPINION AND ORDER**

Petitioner, George Neal Williams, proceeding pro se and in forma pauperis, filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction. (Petition for a Writ of Habeas Corpus, Docket Entry No. 1) Pending before the court is Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 13), to which Williams has responded. (Docket Entry No. 15)

Having considered the motions, the response, the pleadings, the record, and the applicable law, the court will grant Dretke's motion for summary judgment for the reasons addressed below.

I. **Procedural History and Claims**

On August 29, 2000, in the 263rd District Court of Harris County, Texas, Williams was convicted of possession of a

controlled substance with intent to deliver and sentenced to life imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division. Ex parte Williams, Application No. 48,808-04, at 2. The Fourteenth Court of Appeals of Texas affirmed Williams' conviction in an unpublished opinion dated December 20, 2001. Williams v. Texas, No. 14-00-01289-CR, 2001 WL 1635773 (Tex. App. -- Houston [14th Dist.] 2001, pet. ref'd). Williams then filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was denied on May 1, 2002.

Williams filed three state habeas applications. Williams' first state habeas application, filed on December 7, 2000, was dismissed by the Court of Criminal Appeals as premature on March 28, 2001, because his direct appeal was still pending before the Fourteenth Court of Appeals. Ex parte Williams, Application No. 48,808-01, at cover. Williams filed a second state habeas application on June 18, 2002, which was dismissed on August 14, 2002, again because his direct appeal was pending.[1] Ex parte Williams, Application No. 48,808-02, at cover. Williams' third habeas application, filed on February 9, 2004, was denied without

---

[1]The mandate from the Texas Court of Criminal Appeals did not issue until October 18, 2002. Ex parte Williams, Application No. 48,808-04, at 44. A conviction from which an appeal has been taken is not final under Texas law until the appellate court affirms the conviction and issues its mandate. Johnson v. State, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990). Thus, Williams' conviction did not become final for purposes of his state habeas petitions until October 18, 2002.

written order on findings of the trial court without a hearing on December 15, 2004.  <u>Ex parte Williams</u>, Application No. 48,808-04, at cover.

Williams filed two previous federal petitions for a writ of habeas corpus.  His first petition was dismissed on March 19, 2003, for want of prosecution.  <u>Williams v. Dretke</u>, Civil Action No. H-02-3616 (S.D. Tex. 2003).  Williams' second petition was dismissed without prejudice for failure to exhaust state court remedies on January 23, 2004.  <u>Williams v. Dretke</u>, Civil Action No. H-03-1387 (S.D. Tex. 2004).  The instant petition was filed in this court on December 23, 2004.  (Docket Entry No. 1)

The court understands Williams' pending habeas application to raise the following grounds for relief:

(1)  unconstitutional search, seizure, and arrest;

(2)  unconstitutional selection and empaneling of the jury; and

(3)  ineffective assistance of counsel.  (Docket Entry No. 1, at 6)

Respondent moves for summary judgment and argues that Williams' claims are time-barred under the applicable provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244(d) (2000).

## II.  <u>Statute of Limitations</u>

The AEDPA's one-year statute of limitations governs federal habeas applications filed after the statute's effective date of

-3-

April 24, 1996.  Id.  Because Williams filed his petition after the 1996 effective date, his claims are governed by the AEDPA's statute of limitations.  See Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997).

Under section 2244(d)(1)(A) of the AEDPA an applicant has one year from the date on which the challenged conviction becomes final to petition the federal courts for habeas relief.  28 U.S.C. § 2244(d)(1)(A).  A conviction becomes final when direct review has concluded or the time for seeking direct review has lapsed.  Id. The direct review process, for purposes of the AEDPA, may include the ninety days following the entry of judgment by a state court of last resort during which a party may petition the Supreme Court for a writ of certiorari.  See Salinas v. Dretke, 354 F.3d 425, 428 (5th Cir. 2004) (citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003)); Giesberg v. Cockrell, 288 F.3d 268, 270 (5th Cir. 2002); Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998).

Williams petitioned the Texas Court of Criminal Appeals for discretionary review.  The petition was denied on May 1, 2002. Accordingly, his conviction became final under the AEDPA on July 30, 2002, the date his opportunity to file for a writ of certiorari expired.  See SUP. CT. R. 13.1 (requiring petition for certiorari to be filed within 90 days of the state court's entry of judgment in order to be timely).  Applying the one-year limitations period without regard for tolling principles, Williams had until July 30, 2003, to file his federal habeas petition.  Therefore,

-4-

Williams' instant petition filed in this court on December 23, 2004, is not timely.

Section 2244(d)(2) provides for the tolling of the limitations period during the pendency of a properly filed application for state court collateral review.  28 U.S.C. § 2244(d)(2) (2000).  In Artuz v. Bennett, the Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 121 S. Ct. 361, 364 (2000).  The question whether an application has been properly filed, according to the Court, "is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar."  Id. (emphasis omitted). To determine whether an application is properly filed, therefore, courts must look to the procedural rules governing their jurisdiction to consider the application, rather than the rules governing whether they may consider any particular claim.  See id. at 364-65.  A habeas petition filed in a court lacking jurisdiction to consider the application is not "properly filed."  See id. at 364.

The Texas Court of Criminal Appeals had no jurisdiction to consider a habeas application until the judgment from which relief is sought became final.  Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000).  A conviction from which an appeal has been taken is not final under Texas law until the appellate court affirms the

-5-

conviction and issues its mandate.  <u>Johnson v. State</u>, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990).  The Fourteenth Court of Appeals issued the mandate in Williams' case on October 18, 2002.  <u>Ex parte Williams</u>, Application 48,808-04, at 44.  Until the mandate issued on October 18, 2002, therefore, the Court of Criminal Appeals was without jurisdiction to entertain his state habeas applications. Consequently, the first two applications, filed on December 7, 2000, and June 18, 2002, were premature.  Because these applications were premature, they were not properly filed and did not toll the limitations period.  Williams' third state application was not filed until February of 2004, long-after the AEDPA's limitations period expired on July 30, 2003,[2] and cannot serve to toll the limitations period.  Section 2244(d)(2) is therefore of no avail to Williams in correcting the untimeliness of the instant federal petition.

The tolling provision in section 2244(d)(1)(B) provides that the limitations period may run from "the date on which the

---

[2]While Williams' conviction became final for purposes of Texas habeas corpus procedure on October 18, 2002, the Fifth Circuit has noted that it is not "bound by the state law's definition of finality" when interpreting the statutory language of the AEDPA. <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693 (5th Cir. 2003).  As previously stated, a conviction becomes final under section 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court expires. <u>Id</u>.  Thus, Williams' conviction became final for purposes of the AEDPA on July 30, 2002, ninety days after the Texas Court of Criminal Appeals refused his petition for discretionary review and his time to petition for a writ of certiorari expired.

-6-

impediment to filing an application created by State action . . . is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B) (2000).  The court under-stands Williams to argue that his ability to timely request federal habeas relief was impeded by the state's action in subjecting his habeas applications to undue delay.  (Docket Entry No. 15 at 8) Specifically, Williams argues that, as to his third state habeas application, both the delay in the trial court's issuance of its findings of fact and the delay in his receipt of notice that the Court of Criminal Appeals had denied the application were misleading and should be grounds for tolling the limitations period.  Id.  The delay of which Williams complains, however, is irrelevant to the timeliness of his application.  Had Williams properly filed his third state application any delay in the disposition of that application would have tolled the statute of limitations.

Furthermore, Williams makes no mention of any newly recognized right or undiscovered factual predicate that would toll the running of the limitations period under the other provisions of section 2244(d)(1).  See 28 U.S.C. §§ 2244(d)(1)(C)-(D).  Williams' time for filing a habeas application in this court expired on July 30, 2003, one year after the date on which his conviction became final. Having concluded that the limitations period expired prior to Williams' filing of the instant application in December of 2004,

the court's inquiry shifts to the question whether it is appropriate to apply the doctrine of equitable tolling in this case.

The one-year limitations period for filing habeas petitions established in section 2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002). "Although equitable tolling is a 'discretionary doctrine that turns on the facts and circumstances of a particular case,' [courts] ordinarily 'draw on general principles to guide when equitable tolling is appropriate.'" Id. As a general rule, the doctrine operates only in "rare and exceptional circumstances" where strict application of the statute of limitations to an applicant's claims would be inequitable. Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). In order for the doctrine to apply at all, "the applicant must diligently pursue his § 2254 relief." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

While Williams has persistently pursued his § 2254 relief in his three habeas applications to this court, there are no "rare and exceptional circumstances" that make strict application of the statute of limitations inequitable. The Fifth Circuit held that "rare and exceptional circumstances" did not exist where an applicant underwent a series of thirteen hospitalizations, where a prison law library was delayed in receiving a copy of the AEDPA,

nor where the applicant was ignorant of the law.  See Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir. 2003); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999).  None of Williams' complaints warrant equitable tolling.  Williams' claims are time-barred.

### III.  Conclusion and Order

Because Williams' Petition for a Writ of Habeas Corpus is barred by the AEDPA's statute of limitations, Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED**.

Williams' Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DISMISSED**.

Williams' Request to Transfer to United States Magistrate (Docket Entry No. 3) is **DENIED**.

**SIGNED** at Houston, Texas, on this 20th day of July, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE